**PHYSICIANS FOR INTEGRITY IN MEDICAL RESEARCH, INC.,**
Plaintiff–Appellant,

v.

**Margaret HAMBURG, Commissioner of Food and Drug Administration,**
Defendant–Appellee.

No. 12–56119.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2014.

Filed Feb. 24, 2014.

Steve Gupta, Steve Gupta, LA Canada, CA, for Plaintiff–Appellant.

Andrew Clark, Senior Litigation Counsel, U.S. Department of Justice Office of Consumer Litigation, Joshua Paul Waldman, Scott R. McIntosh, U.S. Department of Justice Office of the Attorney General, Washington, DC, for Defendant–Appellee.

Before: FARRIS, N.R. SMITH, and WATFORD, Circuit Judges.

MEMORANDUM *

The district court correctly dismissed Physicians for Integrity in Medical Research, Inc.'s ("PIMR") complaint with prejudice for lack of standing. For an association like PIMR to have standing to sue on behalf of its members, the members must "otherwise have standing to sue in their own right." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 181, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). Dr. Steve Gupta, the only member of PIMR that the complaint alleges has standing, would not have standing to bring this action in his own right.

We assume for purposes of argument that Dr. Gupta's alleged injuries are sufficiently "concrete and particularized" and "actual or imminent," as opposed to "conjectural or hypothetical," to support standing. *NRDC v. EPA,* 735 F.3d 873, 878 (9th Cir.2013). Dr. Gupta's first alleged injury, for uncompensated time spent counseling patients about Alair, is not fairly traceable to the challenged FDA action. *Id.* As Dr. Gupta acknowledges in his opening brief on appeal, whether he is compensated for time spent counseling pa-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tients is a function of the reimbursement schedule for office visits set by other components of the federal government, not by the FDA.

The second and third alleged injuries, for lost patients and loss of credibility, will occur only if one of Dr. Gupta's patients makes an independent choice—either to find another physician or to view Dr. Gupta less favorably as a result of his advice about Alair. Because Dr. Gupta's theory of standing with respect to these injuries "rest[s] on speculation about the decisions of independent actors," the injuries are not fairly traceable to the FDA. *Clapper v. Amnesty Int'l USA*, —— U.S. ——, 133 S.Ct. 1138, 1148–50, 185 L.Ed.2d 264 (2013).

PIMR's motion for supplemental briefing, filed on February 19, 2014, is denied.

**AFFIRMED.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.